UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.

FREDERICK TAYLOR,
aka "Florida,"
Defendant,
/

Case No.: 2:24-cr-00171-KCD-NPM

USM Number: 49650-511

Jeremy Alexander McLymont, Retained
33 SW 2nd Avenue, Suite 1100
Miami, FL 33130

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 4 of the Superseding Indictment. The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851, and 18 U.S.C. § 2 | Distribution of 50 Grams or More of Methamphetamine | August 6, 2024 | 4 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**The underlying Indictment and Count 1-3 and 5 of the Superseding Indictment are dismissed on the motion of the United States.**

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence:

October 19, 2026

**KYLE C. DUDEK**
**UNITED STATES DISTRICT JUDGE**

October 21, 2026

Frederick Taylor
2:24-cr-00171-KCD-NPM

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **324 months**.

The Court makes the following recommendations to the Bureau of Prisons:

- **Placement at facility close to SWFL.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

Defendant delivered on ____________________ to ______________________________________

at ______________________________________________, with a certified copy of this judgment.

______________________________________
UNITED STATES MARSHAL

By: __________________________________
Deputy United States Marshal

Frederick Taylor
2:24-cr-00171-KCD-NPM

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **10 years**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. The Mandatory drug testing requirements of the Violent Crime Control Act are imposed. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. You must submit to random drug testing not to exceed two tests per week.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Frederick Taylor
2:24-cr-00171-KCD-NPM

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:____________________________ Date:_________________________

Frederick Taylor
2:24-cr-00171-KCD-NPM

**SPECIAL CONDITIONS OF SUPERVISION**

1. You shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, you are directed to submit to random drug testing.

2. You shall submit to a search of your person, residence, place of business, any storage units under your control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

Frederick Taylor
2:24-cr-00171-KCD-NPM

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| | Assessment | AVAA Assessment[1] | JVTA Assessment[2] | Fine | Restitution |
|---|---|---|---|---|---|
| **TOTALS** | **$100.00** | **$0.00** | **$0.00** | **WAIVED** | **N/A** |

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$100.00** is due in full and immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made payable to the Clerk, U.S. District Court, unless otherwise directed by the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.